IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHNNY COLLINS,                       :
      Petitioner
                                     :

         vs.                   :   CIVIL NO. 1:CV-08-1457

MICHAEL BARONE, and ATTORNEY      :
GENERAL OF THE STATE OF
PENNSYLVANIA,                     :
      Respondents

*M E M O R A N D U M*

I.   *Introduction*

      On August 5, 2008, Johnny Collins, an inmate at SCI-Forest, Marienville, Pennsylvania, filed this pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is challenging his convictions in the Court of Common Pleas of Dauphin County for theft by receiving stolen property at No. CP-22-CR-2607-2002 and for possession of cocaine with intent to distribute at No. CP-22-CR-4629-2006. In its opposition, the Commonwealth argues that the petition should be dismissed because  Collins has either procedurally defaulted his claims or has failed to exhaust state-court remedies.

      The court views and disposes of the petition in the following way. The challenge to the theft conviction contains a mix of one exhausted claim and several procedurally defaulted ones. The petition will be denied on the merits as to the exhausted claim, which challenges the sufficiency of the

evidence, and denied as to the remaining claims because they
have been procedurally defaulted. The challenge to the drug
conviction sets forth nothing but procedurally defaulted claims,
and on that basis the petition will be denied as to the drug
conviction.


II.   *Background*

       After being found in possession of a stolen automobile
on July 22, 2002, Petitioner was charged with theft by receiving
stolen property. On January 15, 2003, a jury found him guilty.
On February 14, 2003, Collins filed a pro se, premature notice
of appeal which was discontinued on February 28, 2003, by motion
of his trial counsel.

       On May 7, 2003, Collins was sentenced to intermediate
punishment of sixty months, with the first twelve months to be
served in a work release center. On May 19, 2003, counsel filed
a motion to modify the sentence, and on June 6, 2003, Petitioner
filed a second premature notice of appeal, which was again
withdrawn by counsel on July 1, 2003.

       On June 23, 2003, the court denied the motion to
modify the sentence, and on July 23, 2003, counsel filed an
appeal to the Superior Court of Pennsylvania. The appeal raised
two issues. First, there was insufficient evidence to sustain
the conviction because the Commonwealth failed to show that
Petitioner knew, or should have known, that the car was stolen,

one of the elements of the offense. Second, the restitution order that was part of the sentence was erroneous.

On the insufficient-evidence claim, counsel first cited *Commonwealth v. Jones*, 771 A.2d 796 (Pa. Super. 2001), for the Pennsylvania test for evaluating the sufficiency of the evidence.[1] Petitioner then cited state-law cases on the elements of the offense of theft by receiving stolen property in arguing, as the superior court stated, that he lacked the mens rea to commit the offense because the evidence did not show that he knew, or should have known, that the car was stolen. In making the argument, Petitioner pointed to evidence at trial showing that he had been cooperative with the police and had admitted that he had been driving the car. He also relied on evidence that there was no damage to the vehicle, such as signs of forced entry, that would have indicated he knew the car was stolen. (Doc. 6-6, Petitioner's state-court appellate brief, CM/ECF page 32).

---

[1] That test is as follows:

> When we evaluate a challenge to the sufficiency of the evidence, we must determine whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, together with all reasonable inferences therefrom, the trier of fact could have found that each and every element of the crimes charged was established beyond a reasonable doubt. Furthermore, a mere conflict in the testimony of the witness does not render the evidence insufficient, because "it is within the province of the fact finder to determine the weight to be given to the testimony and to believe all, part, or none of the evidence."

*Id.* at 797-98.

While the appeal was pending, Collins filed a petition under the Pennsylvania Post Conviction Relief Act (PCRA). 42 Pa. C.S. § 9541-9546. The petition was dismissed as premature, due to the pending direct appeal.

On May 28, 2004, the superior court affirmed Collins's conviction and sentence in an unpublished disposition. *Commonwealth v. Collins*, No. 1201 MDA 2003 (Pa. Super. May 28, 2004). The superior court rejected the insufficient-evidence claim. It employed the sufficiency-of-the-evidence standard quoted above, and relied on factors identified in *Commonwealth v. Foreman*, 797 A.2d 1005, 1012-13 (Pa. Super. 2002), to establish mens rea for the offense. Two of the factors are the defendant's conduct at the time of arrest and whether any explanation offered for possession of the property was "unsatisfactory." *Id.* at 1213. The evidence in this regard showed that Petitioner first told the police that he had received the car from his uncle, whose name he said he could not recall, and then named another person he had gotten it from, who was not his uncle. (Doc. 6-7, *Collins* opinion, CM/ECF page 15). Upholding the conviction, the court stated that "[t]his deceptive conduct, in conjunction with the recent nature of the theft, provided sufficient evidence to demonstrate that appellant knew that the vehicle had been stolen." (*Id.*).

On October 27, 2004, Collins filed a pro se PCRA petition. The petition made four claims, all based on

ineffective assistance of counsel: (1) counsel failed to take an appeal when Petitioner requested that he do so; (2) counsel failed to subpoena witnesses; (3) counsel failed to object to the prosecutor's changing the testimony during his closing; and (4) counsel failed to file a motion for resentencing.

On November 10, 2004, PCRA counsel was appointed for Collins. On May 13, 2005, counsel filed a motion to withdraw on the ground that Petitioner's PCRA claims lacked merit. Almost four years later, on September 15, 2008, the PCRA court gave Petitioner notice of its intent to grant PCRA counsel's motion to withdraw and to dismiss the PCRA petition. It also gave him twenty days to respond. Petitioner did so. The PCRA petition is still pending.

In the meantime, on April 3, 2006, Collins was arrested by Harrisburg Police and charged with possession of cocaine with intent to distribute. On January 10, 2007, he pled guilty and was sentenced on the same day to two and one-half to five years of imprisonment. He took no direct appeal of this conviction, nor did he file a PCRA petition to challenge it.

Based on the new conviction, on August 29, 2007, Petitioner's sentence of intermediate punishment on the theft conviction was revoked and he was resentenced to twenty-four to sixty months of imprisonment, with intermediate punishment of twenty-four months to follow.

On August 5, 2008, Collins filed the instant 2254 petition.  As recited in our order of September 5, 2008, Collins makes the following claims on his theft conviction: (1) the police did not have a lawful reason to take him into custody because it was based on a county probation officer's mistaken belief that Petitioner was one of his clients; the probation officer said he had a fugitive in a stolen car; (2) Petitioner was questioned at the police station without being read his rights; (3) there was insufficient evidence to support the conviction; the superior court said that his admission that he was driving the car was enough to dismiss the appeal (4) Petitioner asked for an appeal, but the appeal was dismissed after his court-appointed attorney requested dismissal; and (5) in closing argument, the prosecution changed its case from stopping him in the mall to being pulled over by the police.

As also recited in our September 5 order, Collins makes the following claims on his drug conviction: (1) there was no probable cause or reasonable suspicion to apprehend him; the arresting officer wrote that the brown car matched the description in a retail theft case but his car was green; (2) the officer did not read him his rights; (3) the cavity search to find cocaine in his boxer briefs was accomplished without reading him his rights; (4) the charges were refiled even thought the prosecutor did not appear for the first preliminary hearing; (5) both the prosecutor and the trial judge were biased

against him; the judge had imposed an illegal sentence on him in
1994 and had told him never to appear in his courtroom again and
the prosecutor was out to get him, pressing for sentences that
were above the legal maximum; and (6) Petitioner was forced to
plead guilty because his public defender failed to file a
suppression motion.

III.   *Discussion*

   A.   *Procedural Requirements for a Habeas Petition*

        Before a state prisoner can obtain federal habeas
relief, he must exhaust the remedies available to him in state
court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 847, 119 S.Ct.
1728, 1731, 1744, 144 L.Ed.2d 1 (1999). The requirement is
codified at 28 U.S.C. § 2254(b), (c). The prisoner must have
"*properly* exhausted" his remedies; that is, he must have fairly
presented all of his claims to the state courts. *O'Sullivan*, 526
U.S. at 848, 119 S.Ct. at 1734; *see also Leyva v. Williams*, 504
F.3d 357, 365 (3d Cir. 2007). Thus, a prisoner who lets the time
run on pursuing his claims in state court so that state-court
remedies are no longer available has not properly exhausted
those remedies. *O'Sullivan*, 526 U.S. at 848, 119 S.Ct. at 1734.
But exhaustion on a particular claim is satisfied as long as the
claim is presented to the state courts, even if they refuse on a
state procedural ground to consider the claim. *See Nara v.
Frank*, 488 F.3d 187, 198 (3d Cir. 2007). Still, such a claim

will be considered procedurally defaulted if the state procedural ground represents an independent and adequate state ground for rejecting the claim. *Leyva*, 504 F.3d at 365. In those circumstances, the claim will not be considered on the merits in the federal habeas proceedings unless the prisoner shows either "cause and prejudice" or a "fundamental miscarriage of justice." *Id.* at 366.

The exhaustion doctrine requires a state prisoner to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," *O'Sullivan*, 526 U.S. at 845, 119 S.Ct. at 1733, and the prisoner will not be considered "to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(b)(3). But if a state procedure is unavailable because of a procedural bar, a claim cannot be considered in federal habeas unless the prisoner shows either:(1) cause and prejudice; or (2) a fundamental miscarriage of justice. *See Lines v. Larkins*, 208 F.3d 153, 166 (3d Cir. 2000)(futility exception to exhaustion requirement does not allow merits consideration when a prisoner created the situation by failing to invoke the state procedure).

B.  *Claims Related to the Theft Conviction*

Respondents argue that we cannot consider Petitioner's claims on his theft conviction because he has either failed to exhaust state-court remedies or has procedurally defaulted them. As the court sees the procedural posture of this habeas petition, Petitioner has exhausted his insufficient-evidence claim but has procedurally defaulted his other claims.

As noted, Petitioner had to have exhausted the remedies available to him in state court before seeking federal habeas relief. Petitioner did that for his insufficient-evidence claim by raising it in his direct appeal to the superior court. From there Petitioner could have filed a discretionary appeal with the Pennsylvania Supreme Court, but in accord with Order No. 218 of the state supreme court, a state prisoner need not appeal to that court in order to have exhausted state-court remedies. *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004). Hence, the insufficient-evidence claim is exhausted.[2]

However, Petitioner did not raise his remaining claims on direct appeal nor in a postconviction petition under the PCRA. Additionally, he has no state remedies available as the state courts would not entertain these claims because the one-

---

[2] We disagree with Respondents' argument that the claim is not the same one raised in the superior court. Petitioner's mistaken reference here to the superior court's supposed reliance on his admission that he was driving the car is only an argument against the superior court's reasoning, not the claim itself, which we think, given Petitioner's pro se status, is the same challenge he presented in the superior court.

year jurisdictional time limit for filing a PCRA petition
expired on June 28, 2005.[3] We recognize that Petitioner still
has a PCRA petition pending in the trial court[4], and that
Pennsylvania has a liberal policy of allowing amendment of a
PCRA petition to add new claims, but any amendment would also
have to comply with the PCRA one-year deadline. *See Commonwealth
v. Williams*, 573 Pa. 613, 627, 828 A.2d 981, 989 (2003). Hence,
while Petitioner has "technical[ly]" exhausted those claims, *see
Coleman v. Thompson*, 501 U.S. 722, 732, 111 S.Ct. 2546, 2555,
115 L.Ed.2d 640, (1991), he has procedurally defaulted them, as
the state courts' refusal to entertain these claims would be
based on an independent and adequate state-law ground. *Hurlburt*

---

[3] A PCRA petition must be filed within one year of the
conviction's becoming final. 42 Pa. C.S. § 9545(b)(1). In relevant
part, a conviction becomes final "at the expiration of time for
seeking [direct] review." 42 Pa. C.S. § 9545(b)(3). The starting date
for the calculation is May 28, 2004, the date the superior court
denied Petitioner's appeal from the judgment of conviction which is
the subject of Petitioner's attack in these habeas proceedings, not
the August 29, 2007, date of resentencing. *See Commonwealth v.
Fowler*, 930 A.2d 586, 593 (Pa. Super. 2007) (calculating PCRA time
period from the date of the original judgment of sentence being
challenged). Thus, the date the judgment of conviction became final
was June 28, 2004, the day the thirty-day period for seeking
discretionary review in the state supreme court expired, *see* Pa. R.
App. P. 1113(a), excluding the thirtieth day of the period, which
fell on a Sunday. *See* Pa. R. App. P. 107; 1 Pa. C.S. § 1908. Thus,
the one-year PCRA limitations period expired on June 28, 2005. Under
Pennsylvania law, this period is considered jurisdictional and cannot
be extended by the court. *Commonwealth v. Bennett*, 593 Pa. 382, 388,
930 A.2d 1264, 1267 (2007). There are statutory exceptions, but they
do not apply here. *See* section 9545(b)(1)(i)-(iii).

[4] That state-court proceedings are ongoing raises the question
whether we should defer ruling on the 2254 petition, *see Nowaczyk v.
Warden*, 299 F.3d 69, 75-77 (1st Cir. 2002), especially since the
pending PCRA petition raises grounds different from the ones raised
here, but we will rule on the 2254 petition.

*v. Lawler*, No. 03-665, 2008 WL 2973049, at *12 (M.D. Pa. Aug. 4, 2008)(PCRA time bar creates a procedural default). As noted, we could consider these claims if Petitioner established either cause and prejudice or a fundamental miscarriage of justice, but Petitioner has not attempted to do so.[5] In his reply (doc. 11), Petitioner argues he was abandoned by counsel. If this is a claim of attorney ineffectiveness, it cannot be cause excusing a procedural default in failing to raise claims in postconviction proceedings because Petitioner had no federal right to counsel in those proceedings. *See Cristin v. Brennan*, 281 F.3d 404, 420 (3d Cir. 2002).

        We thus turn to the merits of the insufficient-evidence claim.[6] Our standard of review is as follows. In

_____

        [5] In any event, it appears these claims have no merit. The first claim is belied by the record in this case (doc. 6-3 to 6-4), which establishes that the county probation officer noticed Petitioner when the latter cut him off in traffic in the stolen car, not because the probation officer mistakenly believed that Petitioner was one of his clients. The second claim fails because none of the trial evidence was based on questioning of Petitioner at the police station. The fourth claim fails Petitioner did get a direct appeal. The fifth clam fails because Petitioner does not explain why it is relevant, if true, that in closing argument the prosecution changed its case from stopping him in the mall to being pulled over by the police.

        [6] We note that Petitioner did not rely on federal law when presenting this claim to the state courts, thus raising the issue whether it was fairly presented for state-court consideration. However, in the Third Circuit, it is enough for the fair-presentation requirement that the state uses the same legal analysis on the same set of facts as the analysis used for the federal claim, as this "call[s] to mind a specific right protected by the Constitution." *See Nara v. Frank*, 488 F.3d 187, 197-98 (3d Cir. 2007). A Pennsylvania state-law insufficient-evidence claim uses the same analysis as a federal due process claim asserting insufficient evidence. *Johnson v. Mechling*, 541 F. Supp. 2d 651, 665-66 (M.D. Pa. 2008). Thus, Petitioner's insufficient-evidence claim was fairly presented to the state courts. *Id.* at 666.

relevant part, a federal court may not grant a 2254 petition
unless it determines that the state court proceedings "(1)
resulted in a decision that was contrary to, or involved an
unreasonable application of, clearly established Federal law, as
determined by the Supreme Court of the United States . . . ." 28
U.S.C. § 2254(d). A state-court judgment is "contrary to"
federal law when it is "diametrically different, opposite in
character or nature, or mutually opposed" to "clearly
established" decisions of the United States Supreme Court.
*Williams v. Taylor,* 529 U.S. 362, 405, 120 S.Ct. 1495, 146
L.Ed.2d 389 (2000). This may occur if "the state court ignores
or misapprehends clear precedent or it 'confronts a set of facts
that are materially indistinguishable from a decision of [the
Supreme] Court and nevertheless arrives at a result different
from [Supreme Court] precedent." *Wilkerson v. Klem,* 412 F.3d
449, 452 (3d Cir. 2005) (quoting *Williams*, 529 U.S. at 406).
Alternatively, a state court judgment is an "unreasonable
application" of federal law if it chose the correct rule of law
based on the facts, but applied the rule in an "objectively
unreasonable way." *Id.*

        In the instant case, the superior court's ruling on
the sufficiency of the evidence to support Petitioner's
conviction for theft by receiving stolen property is in accord
with relevant Supreme Court precedent and hence we must deny
habeas relief on the theft conviction.

As noted, Petitioner's claim is that the evidence was insufficient on one of the elements of the offense, that Petitioner knew, or should have known, that the car had been stolen.[7] The superior court rejected this claim on evidence that the car had been recently stolen and on the unsatisfactory explanation Petitioner gave for his possession of the car; Petitioner explained that he had gotten it from an uncle whose name he did not know, and then said he had gotten it from another individual, who was not his uncle. In the court's view, the explanation fairly supported the inference that Petitioner was lying about how he had gotten the car and hence knew it was stolen.

This kind of evidence is sufficient to sustain a conviction under the Due Process Clause of the Fourteenth Amendment. *See Barnes v. United States*, 412 U.S. 837, 845-46 and n.9, 93 S.Ct. 2357, 2362-63 and n.9, 37 L.Ed.2d 380 (1973)(jury instruction allowing a conviction for possessing stolen mail on the basis of unexplained possession of recently stolen mail met due process requirements, noting that the defendant could explain his possession of the mail but that the jury could

---

[7] The elements of the offense of receiving stolen property under Pennsylvania law, 18 Pa. C.S. § 3925, are as follows:

(1) the property was stolen; (2) the defendant was in possession of the property; and (3) the defendant knew or had reason to believe the property was stolen.

*Commonwealth v. Foreman*, 797 A.2d 1005, 1011 (Pa. Super. 2002).

13

reject an explanation that was not satisfactory); *United States v. Woody*, 55 F.3d 1257, 1264-65 (7th Cir. 1995)(citing *Barnes* in ruling that there was sufficient evidence to sustain defendant's conviction for possession of stolen mail when the jury could discount the defendant's implausible explanation of how he had come into possession of the mail, leaving only his unexplained possession of the recently stolen mail, which was sufficient to support the conviction). It thus satisfies the sufficiency-of-the-evidence test under the due process clause set forth in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)(the evidence must be considered in the light most favorable to the government and the claim must be rejected if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.").[8]

We will therefore deny the habeas petition's challenge to the conviction for theft by receiving stolen property. We turn now to the drug conviction.

C.   *The Drug Conviction*

Petitioner did not appeal the drug conviction nor did he challenge it by way of a PCRA petition. There are no state remedies available to him as the state courts would not entertain these claims because the one-year jurisdictional

---

[8] We also note that *Foreman*, the case the superior court cited here for the factors to be considered, cites *Commonwealth v. Williams*, 468 Pa. 357, 362 A.2d 244 (1976)(plurality opinion), a Pennsylvania Supreme Court decision that in turn cites *Barnes*. 468 Pa. at 367, 362 A.2d at 249.

period for filing a PCRA petition expired on February 11, 2008.[9]

Hence, Petitioner has technically exhausted those claims, but he

has procedurally defaulted them, as the state courts' refusal to

entertain these claims would be based on an independent and

adequate state law ground. *Hurlburt, supra,* 2008 WL 2973049, at

*12 (M.D. Pa. Aug. 4, 2008)(PCRA time bar creates a procedural

default). We could consider these claims if Petitioner

established either cause and prejudice or a fundamental

miscarriage of justice, but Petitioner has not attempted to do

so, and as we have already noted, Petitioner cannot rely on

attorney ineffectiveness at the postconviction level.[10] We will

therefore deny the petition's challenge to the drug conviction.

---

[9] A PCRA petition must be filed within one year of the conviction's becoming final. 42 Pa. C.S. § 9545(b)(1). In relevant part, a conviction becomes final "at the expiration of time for seeking [direct] review." 42 Pa. C.S. § 9545(b)(3). Petitioner was sentenced on January 10, 2007. Thus, the date the judgment of conviction became final was February 9, 2007, the day the thirty-day period for filing a direct appeal with the superior court expired. *see* Pa. R. App. P. 903(a); *see also* Pa R. Crim. P. 720(A)(3). The one-year PCRA limitations period expired on February 11, 2008, because February 9, 2008, the last day of the period fell on a weekend. *See* 1 Pa. C.S. § 1908. As already noted, under Pennsylvania law, this period is considered jurisdictional and cannot be extended by the court. *Bennett*, *supra*, 593 Pa. at 388, 930 A.2d at 1267.

[10] In any event, it appears the claims have no merit. Petitioner pled guilty to the drug offense and does not contest the validity of the plea. Generally, a valid guilty plea would waive the claims he has presented, absent more particular allegations. *See Washington v. Sobina*, 475 F.3d 162, 165 (3d Cir. 2007)("a criminal defendant's unconditional, knowing and voluntary plea of guilty waives all non-jurisdictional issues").

15

IV.   *Conclusion*

We will issue an order denying the 2254 petition. We will also deny a certificate of appealability, based on the above analysis. However, Petitioner is advised that he has the right for thirty (30) days to appeal our order denying his petition, *see* 28 U.S.C. § 2253(a); Fed. R. App. P. 4(a)(1)(A), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks, and obtains, a certificate of appealability from the court of appeals. *See* Federal Rule of Appellate Procedure 22; Local Rule of Appellate Procedure 22.1.


                                        /s/William W. Caldwell
                                        William W. Caldwell
                                        United States District Judge

Date: December 16, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


JOHNNY COLLINS,                          :
      Petitioner
                                 :

      vs.                                :   CIVIL NO. 1:CV-08-1457

MICHAEL BARONE, and ATTORNEY            :
GENERAL OF THE STATE OF
PENNSYLVANIA,                            :
      Respondents


*O R D E R*


      AND NOW, this 16th day of December, 2008, it is

ordered that:

      1.  The petition (doc. 1) for a writ of
      habeas corpus under 28 U.S.C. § 2254 is
      denied.

      2.  A certificate of appealability is
      denied.

      3.  The Clerk of Court shall close this
      file.


                             /s/William W. Caldwell
                             William W. Caldwell
                             United States District Judge